IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| (1) TEXAS INSTRUMENTS INCORPORATED,<br><br>Plaintiff,<br><br>vs.<br><br>(1) INTERGRAPH CORPORATION and (2) Z/I IMAGING CORPORATION,<br><br>Defendants.<br>_____<br><br>(1) INTERGRAPH CORPORATION,<br><br>Counterclaimant,<br><br>vs.<br><br>(1) TEXAS INSTRUMENTS INCORPORATED,<br><br>Counterdefendant. | § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2-03CV-115 TJW<br><br>JURY |

**INTERGRAPH CORPORATION'S ANSWER TO THE COMPLAINT
OF TEXAS INSTRUMENTS INCORPORATED FOR INFRINGEMENT OF
U.S. PATENT NO. 5,297,279, U.S. PATENT NO. 5,329,471, U.S. PATENT NO. 5,437,027,
U.S. PATENT NO. 5,742,538 AND U.S. PATENT NO. 6,065,113;
COUNTERCLAIM FOR DECLARATORY RELIEF**

Defendant Intergraph Corporation ("Intergraph") hereby submits the following Answer to the Complaint of Plaintiff Texas Instruments Incorporated ("TI") and submits the following Counterclaim:

### ANSWER TO COMPLAINT

### THE PARTIES



1.  Defendant Intergraph admits, based on information and belief, that Plaintiff TI is a corporation organized under the laws of the State of Delaware and that it maintains a place of business in Dallas, Texas, as set forth in Paragraph 1 of the Complaint. Intergraph is without

sufficient information and belief to admit the remaining allegations of Paragraph 1 and denies them on that basis.

2. Defendant Intergraph admits the allegations of Paragraph 2.

3. Defendant Intergraph admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Defendant Intergraph admits that the Complaint is brought under the Patent Laws of the United States of America and that this Court has jurisdiction over the claims. Except as so admitted, Intergraph denies the allegations of Paragraph 4.

5. Defendant Intergraph admits that this Court has personal jurisdiction over it. Except as so admitted, Intergraph denies the allegations of Paragraph 5.

6. The allegations of Paragraph 6 are personal to Defendant Z/I Imaging and need not be answered by Defendant Intergraph.

7. Defendant Intergraph admits that venue is proper in this judicial district. Except as so admitted, Intergraph denies the allegations of Paragraph 7.

## PATENTS AT ISSUE

8. Defendant Intergraph admits that a copy of United States Patent No. 5,297,279 ("the '279 Patent") is attached as an exhibit to the Complaint. Except as so admitted, Intergraph is without sufficient information or belief to respond to the remaining allegations of Paragraph 8 and denies them on that basis.

9. Defendant Intergraph admits the a copy of United States Patent No. 5,329,471 ("the '471 Patent") and a Certificate of Correction (Certificate B1 5,329,471) for the '471 Patent are attached as an exhibit to the Complaint. Except as so admitted, Intergraph is without sufficient information or belief to respond to the remaining allegations of Paragraph 9 and denies them on that basis.

10. Defendant Intergraph admits that a copy of United States Patent No. 5,437,027 ("the '027 Patent") is attached as an exhibit to the Complaint. Except as so admitted, Intergraph is without sufficient information or belief to respond to the remaining allegations of Paragraph 10 and denies them on that basis.

11. Defendant Intergraph admits that a copy of United States Patent No. 5,742,538 ("the '538 Patent") is attached as an exhibit to the Complaint. Except as so admitted, Intergraph is without sufficient information or belief to respond to the remaining allegations of Paragraph 11 and denies them on that basis.

12. Defendant Intergraph admits that a copy of United States Patent No. 6,065,113 ("the '113 Patent") is attached as an exhibit to the Complaint. Except as so admitted, Intergraph is without sufficient information or belief to respond to the remaining allegations of Paragraph 12 and denies them on that basis.

## COUNT I
## PATENT INFRINGEMENT

13. Answering Paragraph 13 of the Complaint, Defendant Intergraph incorporates herein by reference, as if set forth in full, each and every response in its Answers to Paragraphs 1 through 12 of the Complaint, hereinabove.

14. Defendant Intergraph denies the allegations of Paragraph 14.

15. Defendant Intergraph denies the allegations of Paragraph 15.

16. Defendant Intergraph denies the allegations of Paragraph 16.

17. Defendant Intergraph denies the allegations of Paragraph 17.

18. Defendant Intergraph denies the allegations of Paragraph 18.

19. Defendant Intergraph denies the allegations of Paragraph 19.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

20. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

21. Intergraph has not infringed any claim of any of the patents-in-suit.

### THIRD AFFIRMATIVE DEFENSE

22. Each of the patents-in-suit are invalid on the grounds that the purported inventions attempted to be patented therein fail to meet the conditions of patentability specified in 35 U.S.C. Sections 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

23. By reason of the proceedings in the United States Patent and Trademark Office during prosecution of the patents-in-suit, TI is estopped from claiming for those patents a construction of the patent claims that would cover or include any apparatus or device or product made or method or process of making an apparatus, device or product that would cover or include any apparatus or device or product that is made, used, offered for sale, sold, or imported by Intergraph or any method or process used by Intergraph to make an apparatus, device, or product.

## FIFTH AFFIRMATIVE DEFENSE

24. TI is not entitled to any damages based on any finding of infringement for any alleged act of infringement that may have occurred prior to April 7, 2003, as a result of TI's failure to comply with the notice requirements of 35 U.S.C. Section 287.

## SIXTH AFFIRMATIVE DEFENSE

25. Pursuant to 35 U.S.C. Section 286, TI is not entitled to any recovery for any infringement of any of the patents-in-suit committed more than six years prior to May 5, 2003, the date TI filed its Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

26. TI's claims of infringement of the '471 Patent, the '279 Patent, and the '027 Patent are barred by the defense of equitable estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

27. TI's claims of infringement of the '471 Patent, the '279 Patent, and the '027 Patent are barred by the defense of laches.

## NINTH AFFIRMATIVE DEFENSE

28. TI's claims of infringement of the '471 Patent, the '279 Patent, and the '027 Patent are barred by the defense of unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, Intergraph prays for judgment on TI's Complaint as follows:

1. That TI take nothing by way of its Complaint;

2. That TI's Complaint be dismissed with prejudice;

3. That the patents-in-suit have never been, and are not now, infringed by Intergraph or any other person or entity that may be making, using, or selling Intergraph's products;

4. That the patents-in-suit and the asserted claims contained therein are invalid and unenforceable;

5. That no damages or royalties are due or owing by Intergraph for any of the acts alleged in the Complaint;

6. That this Court finds this an exceptional case and require that TI pay Intergraph's costs (including all disbursements) and attorney's fees incurred in this action, as provided in 35 U.S.C. Section 285; and

7. That the Court award Intergraph such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Defendant and Counterclaimant Intergraph Corporation ("Intergraph"), for its Counterclaim against Plaintiff and Counterdefendant Texas Instruments Incorporated ("TI"), alleges as follows:

### JURISDICTION AND VENUE

1. This Counterclaim arises under the patent laws of the United States of America, 35 U.S.C. Section 1 et. seq. Jurisdiction is proper pursuant to 28 U.S.C. Sections 1331, 1338, 2201, and 2202.

2. Venue is proper in this judicial district under 28 U.S.C. Sections 1391 and 1400.

### PARTIES

3. Intergraph is a corporation organized under the laws of the State of Delaware and engages in business in this judicial district.

4. TI is a corporation organized under the laws of the State of Delaware with a place of business in this judicial district.

## CLAIM FOR RELIEF

5. On or about May 5, 2003, TI filed a Complaint for patent infringement in this Court, alleging that Intergraph products infringe United States Patent No. 5,297,279, United States Patent No. 5,329,471, United States Patent No. 5,437,027, United States Patent No. 5,742,538, and United States Patent No. 6,065,113 (collectively "the patents-in-suit").

6. An actual and justiciable controversy requiring declaratory relief now exists between Intergraph and TI concerning the validity, enforceability, and alleged infringement of the patents-in-suit.

7. Intergraph seeks, and is entitled to, a declaration from this Court that it has not willfully or otherwise infringed, contributed to the infringement of, or induced others to infringe, any valid and enforceable claim of any of the patents-in-suit.

8. Intergraph seeks, and is entitled to, a further declaration that the patents-in-suit, and the claims contained therein, are invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. Sections 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Intergraph prays for judgment on its Counterclaim as follows:

1. For a declaration that Intergraph has not infringed, contributed to the infringement of, or induced others to infringe, the patents-in-suit;

2. For a declaration that the patents-in-suit, and the claims contained therein, are invalid and unenforceable;

3. That this Court finds this an exceptional case and require that TI pay Intergraph's costs (including all disbursements) and attorney's fees incurred in this action, as provided in 35 U.S.C. Section 285; and

```
```

4. That the Court award Intergraph such other and further relief as the Court deems just and proper.

DATED: July 23, 2003                Respectfully submitted,

By: *Otis W. Carroll by SCC by permission*
Otis W. Carroll – Attorney-In-Charge
State Bar No. 03895700
nancy@icklaw.com
IRELAND CARROLL AND KELLEY, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, TX 75711
Telephone: (903) 561-1600
Facsimile: (903) 561-1071

Franklin Jones Jr.
State Bar No. 00000055
JONES AND JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, TX 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360
maizieh@millerfirm.com

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@mailbmc.com
BROWN McCARROLL LLP
1127 Judson Road, Suite 220,
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

George M. Schwab
CA State Bar No. 058250
gms@townsend.com
Byron W. Cooper
CA State Bar No. 166578
bwcooper@townsend.com
Robert A. McFarlane
CA State Bar No. 172650
ramcfarlane@townsend.com
Susan C. Moon
CA State Bar No. 171364
scmoon@townsend.com
TOWNSEND AND TOWNSEND AND CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

David Vance Lucas
General Counsel
INTERGRAPH CORPORATION
Mail Stop IW2008
Huntsville, Alabama 35894-0001
Telephone: (256) 730-2032
Facsimile: (256) 730-2247
dvlucas@ingr.com

Attorneys for Defendant and Counterclaimant
INTERGRAPH CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served on the 23rd day of July, 2003, by U. S. Mail and facsimile on the following:

| | |
|---|---|
| Kenneth R. Adamo<br>Thomas R. Jackson<br>Michael Newton<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, Texas 75201 | Carl Roth<br>THE ROTH LAW FIRM<br>115 North Wellington, Suite 200<br>Marshall, Texas 75670<br>Facsimile: 903/935-1797 |
| Jay C. Johnson<br>Richard R. Andrews<br>TEXAS INSTRUMENTS INCORPORATED<br>P.O. Box 655474<br>Mail Station 3999<br>Dallas, Texas 75265 | |

*[signature]*
S. Calvin Capshaw

11466645 v1

Intergraph's Answer and Counterclaim

9

LON:127391.1
36485.14