IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| (1) TEXAS INSTRUMENTS INCORPORATED, | § | |
| | § | |
| Plaintiff and Counter-defendant, | § | |
| | § | |
| vs. | § | Civil Action No. 2-03CV-115 (WARD) |
| | § | |
| (1) INTERGRAPH CORPORATION and (2) Z/I IMAGING CORPORATION, | § | JURY |
| | § | |
| Defendants, Counterclaimants, and Third-Party Plaintiffs. | § | |
| | § | |
| vs. | § | |
| | § | |
| (1) AMAX ENGINEERING CORPORATION, (2) AMERICAN PREDATOR CORPORATION, (3) ARROW ELECTRONICS, INC., (4) CELTIC TECHNOLOGY, LLC, (5) EXCLUSIVE TECHNOLOGY GROUP, LLC, (6) MEMORY 4 LESS, INC., (7) PIONEER-STANDARD ELECTRONICS, INC., (8) RAND TECHNOLOGY, INC., (9) N.F. SMITH AND ASSOCIATES, L.P. d/b/a SMITH & ASSOCIATES, (10) SOURCE CODE CORP. d/b/a SCC DISTRIBUTION, (11) TECH DATA CORPORATION, and (12) XTRAPLUS CORPORATION d/b/a GOOGLEGEAR.COM, | § | |
| | § | |
| Third-Party Defendants. | § | |

**INTERGRAPH CORPORATION'S AND Z/I IMAGING CORPORATION'S THIRD-PARTY COMPLAINT FOR BREACH OF IMPLIED WARRANTY AND INDEMNITY**
(Fed. R. Civ. P. 14)

## UNDERLYING ACTION

1. Plaintiff TEXAS INSTRUMENTS INCORPORATED ("TI") has filed a complaint against Defendants INTERGRAPH CORPORATION ("Intergraph") and Z/I IMAGING CORPORATION ("Z/I Imaging") in this action alleging infringement of United States Patent No. No. 5,297,279 ("the '279 Patent"), United States Patent No. 5,329,471 ("the '471 Patent"), United States Patent No. 5,437,027 ("the '027 Patent"), United States Patent No. 5,742,538 ("the '538 Patent"), and United States Patent No. 6,065,113 ("the '113 Patent"). A copy of the Plaintiff's Complaint, including exhibits thereto, is attached to this Third-Party Complaint as Exhibit A.

2. Intergraph and Z/I Imaging each have separately filed Answers to TI's Complaint denying the allegations of infringement, raising affirmative defenses to the alleged infringement claims, and asserting a counterclaim against TI. A copy of the Answer and Counterclaim filed by Intergraph is attached to this Third-Party Complaint as Exhibit B. A copy of the Answer and Counterclaim filed by Z/I Imaging is attached to this Third-Party Complaint as Exhibit C.

## THE PARTIES

3. Intergraph is a corporation organized under the laws of the State of Delaware with its principle place of business located at 288 Dunlop Boulevard, Huntsville, Alabama 35824.

4. Z/I Imaging is a corporation organized under the laws of the State of Delaware with its principle place of business located at 301 Cochrane Road, Suite 9, Huntsville, Alabama 35824. Z/I Imaging is a wholly owned subsidiary of Defendant and Third-Party Plaintiff Intergraph.

5. Third-Party Defendant AMAX ENGINEERING CORPORATION ("AMAX") is a corporation organized under the laws of the State of California, with a principle place of business located at 1565 Reliance Way, Fremont, California 94539.

6. Third-Party Defendant AMERICAN PREDATOR CORPORATION ("American") is a corporation organized under the laws of the State of California, with a principle place of business located at 18655 Madrone Parkway, Building 180, Morgan Hill, California 95037.

7. Third-Party Defendant ARROW ELECTRONICS, INC. ("Arrow") is a corporation organized under the laws of the State of New York, with a principle place of business located at 50 Marcus Drive, Melville, New York 11747.

8. Third-Party Defendant CELTIC TECHNOLOGY, LLC ("Celtic") is a limited liability company organized under the laws of the State of California, with a principle place of business located at 384 Forest Avenue, Suite 23 Laguna Beach, California 92651.

9. Third-Party Defendant EXCLUSIVE TECHNOLOGY GROUP, LLC ("Exclusive") is a limited liability company organized under the laws of the State of Georgia, with a principle place of business located at 4437 Park Drive, Suite C, Norcross, Georgia 30093.

10. Third-Party Defendant MEMORY 4 LESS, INC. ("Memory") is a corporation organized under the laws of the State of California, with a principle place of business located at 2622 W. Lincoln Avenue, Suite 104, Anaheim, California 92801.

11. Third-Party Defendant PIONEER-STANDARD ELECTRONICS, INC. ("Pioneer") is a corporation organized under the laws of the State of Ohio, with a principle place of business located at 6065 Parkland Boulevard, Mayfield Heights, Ohio 44124.

12. Third-Party Defendant RAND TECHNOLOGY, INC. ("Rand") is a corporation organized under the laws of the State of California with a principle place of business located at 17595 Cartwright Road, Irvine, California 92614.

13. Third-Party Defendant N.F. SMITH AND ASSOCIATES, L.P. d/b/a SMITH & ASSOCIATES ("Smith") is a limited partnership organized under the laws of the State of Texas, with a principle place of business located at 5306 Hollister, Houston, Texas 77040.

14. Third-Party Defendant SOURCE CODE CORP. d/b/a SCC DISTRIBUTION ("SCC") is a corporation organized under the laws of the State of Massachusetts, with a principle place of business located at 290 Vanderbilt Avenue, Norwood, Massachusetts 02062.

15. Third-Party Defendant TECH DATA CORPORATION ("Tech Data") is a corporation organized under the laws of the State of Florida, with a principle place of business located at 5350 Tech Data Drive, Clearwater, Florida 33760.

16. Third-Party Defendant XTRAPLUS CORPORATION d/b/a GOOGLEGEAR.COM ("Googlegear") is a corporation organized under the laws of the State of California, with a principle place of business located at 38897 Cherry Street, Newark, California 94560.

## JURISDICTION AND VENUE

17. This Court has supplemental jurisdiction within the meaning of 28 U.S.C. Section 1367 of the claims against each of and all of the Third-Party Defendants in that the Third-Party Complaint arises out of the same transactions and occurrences as the matters alleged in the original Complaint previously filed by TI in this case.

## FACTS COMMON TO ALL CLAIMS

18. At all times material hereto, Intergraph has manufactured and sold and does now manufacture and sell computer software and hardware products and systems that are used in a variety of industries, including those in this judicial district.

19. At all times material hereto, Z/I Imaging has manufactured and sold and does now manufacture and sell computer hardware products, including its Digital Mapping Camera and Image Station 2002 products, each of which contain Intel Corporation ("Intel") processors, that are used in a variety of industries in this judicial district.

20. At all times material hereto, AMAX offered for sale and sold and does now offer for sale and sell a variety of Intel products, including Intel processors.

21. At all times material hereto, American offered for sale and sold and does now offer for sale and sell a variety of Intel products, including Intel processors.

22. At all times material hereto, Arrow offered for sale and sold and does now offer for sale and sell a variety of Intel products, including Intel processors.

23. At all times material hereto, Celtic offered for sale and sold and does now offer for sale and sell a variety of Intel products, including Intel processors.

24. At all times material hereto, Exclusive offered for sale and sold and does now offer for sale and sell a variety of Intel products, including Intel processors.

25. At all times material hereto, Memory offered for sale and sold and does now offer for sale and sell a variety of Intel products, including Intel processors.

26. At all times material hereto, Pioneer offered for sale and sold and does now offer for sale and sell a variety of Intel products, including Intel processors.

27. At all times material hereto, Rand offered for sale and sold and does now offer for sale and sell a variety of Intel products, including Intel processors.

28. At all times material hereto, Smith offered for sale and sold and does now offer for sale and sell a variety of Intel products, including Intel processors.

29. At all times material hereto, SCC offered for sale and sold and does now offer for sale and sell a variety of Intel products, including Intel processors.

30. At all times material hereto, Tech Data offered for sale and sold and does now offer for sale and sell a variety of Intel products, including Intel processors.

31. At all times material hereto, Googlegear offered for sale and sold and does now offer for sale and sell a variety of Intel products, including Intel processors.

32. At various times, all material hereto, Intergraph has purchased Intel processors and products containing Intel processors from each of the following Third-Party Defendants for use in products that have been manufactured, offered for sale, and sold by Intergraph. Also at various times, all material hereto, Intergraph has purchased Intel processors and products containing Intel processors from each of the following Third-Party Defendants for use in products that are used by Intergraph.

    a. Celtic;

    b. Pioneer;

    c. Rand;

    d. Smith;

    e. SCC;

    f. Tech Data; and

    g. Googlegear.

33. At various times, all material hereto, Z/I Imaging has purchased Intel processors and products containing Intel processors from each of the following Third-Party Defendants for use in products that have been manufactured, offered for sale, and sold by Z/I Imaging and by Intergraph:

    a. AMAX;

    b. American;

    c. Arrow;

    d. Exclusive;

    e. Memory; and

    f. Pioneer.

34. In the underlying action, TI has accused Intergraph and Z/I Imaging of infringing one or more claims of the '538 Patent, the '471 Patent, and the '113 Patent. Said claims are infringed, if at all, based on Intergraph's and Z/I Imaging's use of Intel processors in certain of the products each has offered for sale, sold, or used.

## FIRST CLAIM FOR RELIEF
## (BREACH OF IMPLIED WARRANTY)

35. Intergraph and Z/I Imaging hereby incorporate by reference the allegations of paragraphs 1 through 34, hereinabove as if set forth in full herein.

36. At the time that Intergraph and Z/I Imaging each purchased Intel processors from each of the Third-Party Defendants, pursuant to Alabama Code Section 7-2-312 and/or the commercial statutes of any other jurisdiction(s) that one or more of the Third-Party Defendants allege cover the transactions at issue, each of the Third-Party Defendants impliedly warranted that the goods each sold to Intergraph and Z/I Imaging were not subject to any valid third party claim for patent infringement.

37. By reason of the foregoing implied warranty against infringement that accompanies each sale made by each of the Third-Party Defendants to Intergraph and Z/I Imaging, if TI is successful against Intergraph and Z/I Imaging on its claims of infringement of the '538 Patent, the '471 Patent, and/or the '113 Patent, then the Third-Party Defendants and each

of them is jointly and severally liable over to Intergraph and Z/I Imaging for the amount of any recovery by TI and for the attorney's fees and costs incurred by Intergraph and Z/I Imaging in defense of the action.

## SECOND CLAIM FOR RELIEF
## (COMMON LAW INDEMNITY)

38. Intergraph and Z/I Imaging hereby incorporate by reference the allegations of paragraphs 1 through 37, hereinabove as if set forth in full herein.

39. If TI is successful against Intergraph and Z/I Imaging on its claims of infringement of the '538 Patent, the '471 Patent, and/or the '113 Patent, then the Third-Party Defendants and each of them having sold the infringing processors to Intergraph and Z/I Imaging is therefore jointly and severally liable over to Intergraph and Z/I Imaging for the amount of any recovery by TI and for the attorney's fees and costs incurred by Intergraph and Z/I Imaging in defense of the action brought by TI.

## PRAYER

WHEREFORE, Intergraph and Z/I Imaging request judgment against Third-Party Defendants as follows:

1. That Third-Party Defendants and each of them are solely liable to TI in this action on TI's allegations of infringement of the '538 Patent, the '471 Patent, and the '113 Patent;

2. Alternatively, that Third-Party Defendants and each of them are jointly and severally liable over to Intergraph and Z/I Imaging for any liability that Intergraph and Z/I Imaging are determined to have to TI for infringement of the '538 Patent, the '471 Patent, and/or the '113 Patent;

3. Awarding Intergraph and Z/I Imaging their attorneys fees and expenses incurred in defense of the action brought by TI and incurred in connection with this Third-Party action jointly and severally against the Third-Party Defendants and each of them;

4. Awarding Intergraph and Z/I Imaging its costs of suit; and

5. Granting Intergraph and Z/I Imaging such other and further relief as the Court may deem just and equitable.

DATED: August 6, 2003              Respectfully submitted,

By: *O L Carroll* (signature)

Otis W. Carroll – Attorney-In-Charge
State Bar No. 03895700
nancy@icklaw.com
IRELAND CARROLL AND KELLEY, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, TX 75711
Telephone: (903) 561-1600
Facsimile:  (903) 561-1071

Franklin Jones Jr.
State Bar No. 00000055
JONES AND JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, TX 75671-1249
Telephone: (903) 938-4395
Facsimile:  (903) 938-3360
maizieh@millerfirm.com

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@mailbmc.com
BROWN McCARROLL LLP
1127 Judson Road, Suite 220,
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile:  (903) 236-8787

George M. Schwab
CA State Bar No. 058250
gms@townsend.com
Mark L. Pettinari
CA State Bar No. 119293
mlp@townsend.com
Byron W. Cooper
CA State Bar No. 166578
bwcooper@townsend.com
Robert A. McFarlane
CA State Bar No. 172650
ramcfarlane@townsend.com
Susan C. Moon
CA State Bar No. 171364
scmoon@townsend.com
TOWNSEND AND TOWNSEND AND CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile:  (415) 576-0300

David Vance Lucas
General Counsel
INTERGRAPH CORPORATION
Mail Stop IW2008
Huntsville, Alabama 35894-0001
Telephone: (256) 730-2032
Facsimile: (256) 730-2247
dvlucas@ingr.com

Attorneys for Defendants and Counterclaimants and
Third-Party Plaintiffs INTERGRAPH CORPORATION
and Z/I IMAGING CORPORATION

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served on the 6th day of August, 2003, by facsimile and regular mail, with proper postage affixed, on the following:

| | |
|---|---|
| Kenneth R. Adamo<br>Thomas R. Jackson<br>Michael Newton<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, Texas 75201 | Carl Roth<br>THE ROTH LAW FIRM<br>115 North Wellington, Suite 200<br>Marshall, Texas 75670<br>Facsimile: 903/935-1797 |
| Jay C. Johnson<br>Richard R. Andrews<br>TEXAS INSTRUMENTS<br>INCORPORATED<br>P.O. Box 655474<br>Mail Station 3999<br>Dallas, Texas 75265 | |

*/s/ O.L. Carroll*

60006382 v3

Exhibits not scanned.